UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT JOHN VOELKER,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case Nos. 07-CR-0039(4) (PJS/AJB)<br>09-CV-0169 (PJS)<br><br>ORDER DISMISSING § 2255 PETITION<br>FOR LACK OF JURISDICTION |

Robert John Voelker, petitioner pro se.

David P. Steinkamp, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, for respondent.

Petitioner Robert Voelker pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. Voelker was sentenced to the mandatory minimum of 120 months in prison and five years of supervised release. This matter is now before the Court on Voelker's petition, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. For the reasons stated below, Voelker's petition is dismissed without prejudice for lack of jurisdiction.

Voelker brings a claim of ineffective assistance of counsel based on his counsel's failure to object to Voelker's presentence investigation report ("PSR").[1] Specifically, Voelker contends that ¶ 41 of the PSR incorrectly states that his federal offense was committed less than two years following his release from custody on a previous offense. As a result of this allegedly incorrect information, Voelker was assessed two additional criminal-history points.

---

[1] Voelker's counsel filed a written objection to the PSR, but withdrew the objection at the sentencing hearing.

Voelker concedes that, because he received the statutory minimum sentence of 120 months, the two additional criminal-history points did not affect his sentence. But Voelker alleges that the two additional points are affecting the manner in which his sentence is being served. As a result of the two additional points, Voelker argues, he is not eligible for placement in a low-security facility.

Section 2255 allows a court to vacate, set aside, or correct a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). A challenge to the manner in which a sentence is executed, however, is not cognizable under § 2255. Instead, such claims must be brought under 28 U.S.C. § 2241. *See United States v. Leath*, 711 F.2d 119, 120-21 (8th Cir. 1983) (district court lacked jurisdiction over petitioner's motion to correct the PSR because the petitioner did not challenge the validity of his sentence but instead sought to change his parole-eligibility classification). The Court lacks jurisdiction to entertain a § 2241 petition by Voelker because Voelker is not incarcerated in this District and the Court does not have jurisdiction over Voelker's custodian.[2] *See United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam) (jurisdiction over § 2241 petition lies in district of actual confinement and in district where court can serve process on custodian). Voelker's petition is therefore dismissed without prejudice for lack of jurisdiction.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

---

[2]Voelker is currently confined in FCI-Oxford, Wisconsin.

1. Petitioner's 28 U.S.C. § 2255 petition to vacate, set aside, or correct sentence [Docket No. 318 in No. 07-CR-0039] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. No certificate of appealability will issue.

Dated:  September 15, 2009                     s/Patrick J. Schiltz
                                               Patrick J. Schiltz
                                               United States District Judge